UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN C. CAMPBELL,

    Petitioner,

v.                                CIVIL ACTION NO. 5:06-CV-10433
                                 HONORABLE JOHN CORBETT O'MEARA
                                 UNITED STATES DISTRICT COURT

JEFF WHITE,

    Respondent.
_____/

**ORDER DENYING MOTION FOR RELEASE
ON CONDITIONAL PERSONAL RECOGNIZANCE**

      Petitioner filed a *pro se* application for writ of habeas corpus with this Court on January 31, 2006, in which he challenges his convictions for operating a vehicle under the influence of liquor causing death and operating a vehicle with suspended license causing death.

      Currently before the Court is petitioner's motion for release on conditional personal recognizance. Petitioner has also filed a motion for summary judgment, in which he again asks to be released on bond pending resolution of the habeas corpus petition. To date, respondent has not answered the motion.

      To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F. 2d 869, 871 (6th Cir. 1993)(quoting *Dotson v. Clark*, 900 F. 2d 77, 79 (6th Cir. 1990)). There

will be few occasions where a habeas petitioner meets this standard. *Dotson,* 900 F. 2d at 79.  Federal district courts may grant bail when granting the writ. *Sizemore v. District Court*, 735 F. 2d 204, 208 (6th Cir. 1984).  By implication, the Court should not grant bail under other circumstances.

   Although petitioner may have a substantial claim of law, he has not demonstrated exceptional circumstances that justify release on bond.   Neither the delay resulting from the exhaustion of state remedies nor the inmate's probable innocence nor his small risk of flight would rise to the level of an extraordinary circumstance justifying release on bail. *Landano v. Rafferty*, 970 F. 2d 1230, 1238-1241 (3rd Cir. 1992).   Petitioner has failed to show the existence of exceptional circumstances warranting release on bail where all that supports his claim for release on bail are his conclusory statements regarding the merits of his claim. *Bergmann v. McCaughtry*, 857 F. Supp. 640, 641 (E.D. Wis. 1994).

   Accordingly, the Court DENIES petitioner's motion for release on conditional personal recognizance [Court Dkt. Entry # 3] and his related motion for summary judgment. [Court Dkt. Entry # 5].


                                              s/John Corbett O'Meara
                                              United States District Judge


Dated:  September 7, 2006

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, September 7, 2006, by electronic and/or ordinary mail.

>
> s/William Barkholz
> Case Manager